Opinion filed March 14, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00228-CR

_____

## RAYMOND EDWARD BOGGESS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause No. F34956**

## MEMORANDUM OPINION

Appellant, Raymond Edward Boggess, originally pleaded guilty to the offense of possession of a prohibited weapon. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for three years. The State subsequently filed a motion to adjudicate Appellant's guilt. The trial court held a contested hearing on the State's motion to adjudicate, found the State's allegations to be true, revoked Appellant's community supervision, and adjudicated Appellant guilty of the charged offense. The trial court

assessed Appellant's punishment at confinement for seven years and the remainder of the original fine that had not yet been paid. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a complete copy of the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.

The motion to withdraw is granted, and the judgment of the trial court is affirmed.

PER CURIAM

March 14, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.